**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Gawker Media Group, Inc.** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | **FDBA  Gawker Sales, LLC**<br>**FDBA  Gawker Entertainment, LLC**<br>**FDBA  Gawker Technology, LLC** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **27-1973231** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **114 5th Ave.**<br>**2nd Floor**<br>**New York, NY 10011**<br>Number, Street, City, State & ZIP Code | <br><br><br>P.O. Box, Number, Street, City, State & ZIP Code |
| **New York**<br>County | Location of principal assets, if different from principal place of business<br><br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | Debtor's website (URL) | **www.gawker.com** |

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Gawker Media Group, Inc.**                                                          Case number (*if known*) _____
_____
          Name

**7.  Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
    See http://www.uscourts.gov/four-digit-national-association-naics-codes.
          __8129__

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

    District _____  When _____  Case number _____

    District _____  When _____  Case number _____

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
List all cases. If more than 1, attach a separate list

☐ No

■ Yes.

    Debtor    **See Attachment** _____  Relationship _____

    District _____  When _____  Case number, if known _____

| Debtor | **Gawker Media Group, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in this district?**

*Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

- ☐ It needs to be physically secured or protected from the weather.

- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

- ☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

- ☐ No
- ☐ Yes.  Insurance agency _____

    Contact name _____

    Phone _____

---

**▉ Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ■ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999

- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000

- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than100,000

**15. Estimated Assets**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million

- ☐ $1,000,000 - $10 million
- ☐ $10,000,001 - $50 million
- ■ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million

- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million

- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ■ $100,000,001 - $500 million

- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

---

| Debtor | Gawker Media Group, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  6/12/16
              MM / DD / YYYY

X _____          William Holden
Signature of authorized representative of debtor          Printed name

Title   **Chief Restructuring Officer**

---

**18. Signature of attorney**

X _____          Date  6/12/2016
Signature of attorney for debtor                        MM / DD / YYYY

Gregg M. Galardi
Printed name

**Ropes & Gray LLP**
Firm name

**1211 Avenue of the Americas**
**New York, NY 10036-8704**
Number, Street, City, State & ZIP Code

Contact phone   **212-596-9000**          Email address   **gregg.galardi@ropesgray.com**

4535506
Bar number and State

## GAWKER MEDIA GROUP, INC.

### June 9, 2016

I, Heather Dietrick, President of Gawker Media Group, Inc. (the "Company"), do hereby certify the following:

1. I am the duly qualified and appointed President of the Company.

2. Attached hereto as **Exhibit A** is a true, correct, and complete copy of the resolutions (the "Resolutions") duly adopted by the Board of Directors of the Company on June 9, 2016.

3. The Resolutions have not been amended, modified, repealed, or rescinded since adopted, and are in full force and effect on and as of the date hereof.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By:  Heather Dietrick
Title:  President

**Annex A**

## RESOLUTIONS OF THE BOARD OF
## DIRECTORS OF GAWKER MEDIA GROUP, INC.

WHEREAS, the Board of Directors (the "Board of Directors") of Gawker Media Group, Inc. (the "Company"), a Cayman Islands exempted company, does hereby consent to the taking of the following actions and does hereby adopt the following resolutions;

WHEREAS, the Board of Directors has considered presentations by the management of, and the financial and legal advisors to, the Company regarding the potential liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest;

WHEREAS, the Board of Directors has had the opportunity to consult with the Company's management, and financial and legal advisors and other professionals, and fully consider each of the strategic alternatives available to the Company; and

WHEREAS, based on its review of all available alternatives and advice provided by such advisors and professionals, the Board of Directors has determined that it is in the best interest of the Company, its subsidiaries and their respective stakeholders, for the Company and its subsidiaries to take the actions specified in the following resolutions:

**Chapter 11 Filing**

RESOLVED:  That in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company and its affiliates file or cause to be filed a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

RESOLVED:  That the Company file or cause to be filed the Chapter 11 Case under the provisions of the Bankruptcy Code in the Bankruptcy Court.

RESOLVED:  That any officer of the Company, including the Chief Executive Officer, the President or the Chief Restructuring Officer (collectively, the "Authorized Officers") be, and hereby are, authorized to execute and file, or cause to be executed and filed, on behalf of the Company or any of its affiliates or subsidiaries, a chapter 11 petition for relief in the Bankruptcy Court.

RESOLVED:  That any Authorized Officer of the Company, acting alone or with one or more other Authorized Officers be, and hereby are, authorized to execute and file on behalf of the Company all schedules, lists and other papers or documents, and to take any and all action which they deem reasonable, advisable, expedient,

convenient, necessary or proper to obtain chapter 11 relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

RESOLVED: That in order to minimize disruption during the pendency of the Chapter 11 cases, it is in the best interests of the Company to amend the Operating Agreement of Gawker Media LLC in accordance with that certain Amendment No. 3 to the Operating Agreement of Gawker Media LLC, dated on or about the date hereof, to allow a person not to be disqualified as Member (as defined therein) of Gawker Media LLC due to the bankruptcy- or insolvency-related circumstances enumerated therein.

RESOLVED: That in order to minimize disruption during the pendency of the Chapter 11 cases, the Operating Agreement of Gawker Media LLC be amended in accordance with that certain Amendment No. 3 to the Operating Agreement of Gawker Media LLC, dated on or about the date hereof, to allow a person not to be disqualified as Member of Gawker Media LLC due to the bankruptcy- or insolvency-related circumstances enumerated therein.

**Retention of Professionals**

RESOLVED: That the Authorized Officers be, and they hereby are, and each of them acting singly is, authorized to employ the law firm of Ropes & Gray LLP as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers be, and they are, and each of them acting singly is, authorized to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Ropes & Gray LLP.

RESOLVED: That the Authorized Officers be, and they hereby are, and each of them acting singly is, authorized to employ and retain the firm of Opportune LLP (including for William Holden of Opportune to serve as the Company's CRO), to provide management services, in accordance with the terms of an engagement agreement between the Company and Opportune, LLP (the "Opportune Services Agreement"), to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers be, and they are, and each of them acting singly is, authorized to negotiate the final terms of the Opportune Services Agreement, execute the Services Agreement, and cause to be filed an appropriate application for authority to retain the services of Opportune LLP.

56906081_9

RESOLVED:    That the Authorized Officers be, and they hereby are, and each of them acting singly is, authorized to employ and retain the firm of Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), as investment banker in accordance with the terms of an engagement agreement between the Company and Houlihan Lokey (the "HL Services Agreement") to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers be, and they are, and each of them acting singly is, authorized to negotiate the final terms of the HL Services Agreement, execute the HL Services Agreement, and cause to be filed an appropriate application for authority to retain the services of Houlihan Lokey.

RESOLVED:    That the Authorized Officers be, and they hereby are, and each of them acting singly is, authorized to employ and retain the firm of Prime Clerk LLC as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers be, and they are, and each of them acting singly is, authorized to negotiate the final terms of Prime Clerk LLC's retention, execute appropriate retention agreements, and cause to be filed an appropriate application for authority to retain the services of Prime Clerk LLC.

RESOLVED:    That the Authorized Officers be, and they hereby are, and each of them acting singly is, authorized to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**Cash Collateral & Adequate Protection**

RESOLVED:    That the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to:

    a.    The loan and security agreement (as subsequently amended, the "First Lien Credit Agreement") with Silicon Valley Bank ("Silicon Valley Bank"), pursuant to which Silicon Valley Bank agreed to provide to Gawker Media LLC a term loan facility in the aggregate principal amount of $7,666,666.67 (the "First Lien Term Loan") and a letter of credit with an undrawn face amount of $5,302,066.00 (the "First Lien Letter of Credit"). The obligations under the First Lien Credit Agreement are guaranteed by the Company and Kinja Kft. and are secured on a first priority basis by liens on substantially all of the assets of Gawker Media LLC, Kinja Kft., and the Company.

b. The loan and security agreement (the "Second Lien Credit Agreement") with US VC Partners LP ("US VC Partners"), a Delaware limited partnership, pursuant to which US VC Partners agreed to extend a term loan facility to the Company in the initial amount of $15,000,000 (the "Second Lien Term Loan"). The obligations under the Second Lien Credit Agreement are guaranteed by Gawker Media LLC and Kinja Kft. and the Second Lien Debt is secured by a second priority lien on substantially all of the assets of the Company, Gawker Media LLC, and Kinja Kft.

RESOLVED: That in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), to be documented in a proposed order with terms substantially similar to those considered by the Board of Directors (the "Cash Collateral Order").

RESOLVED: That the general terms proposed to be included in the Cash Collateral Order to which the Company will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized and approved, and each of the Authorized Officers of the Company be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of, the terms proposed to be included in the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which the Company is or will be a party, incur and pay or cause to be paid all fees and expenses and engage such persons, with such changes, additions and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED: That the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions, and that that the Authorized Officers be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate to secure and maintain use of the Cash Collateral.

RESOLVED: That each of the Authorized Officers of the Company be, and hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company to file or to authorize the filing of any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that are deemed necessary or appropriate to perfect any lien or security interest granted under the Cash Collateral Order, including any such UCC financing statement containing a

generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the Cash Collateral Order.

RESOLVED:    That each of the Authorized Officers of the Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Obligations and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the Cash Collateral Order or any of the other adequate protection documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

### Debtor-In-Possession Financing

RESOLVED:    That the Company would obtain benefits from debtor-in-possession financing ("DIP Financing") in connection with the chapter 11 case, part of which would be used to satisfy the Company's and subsidiaries' obligations under the First Lien Credit Agreement, depending on the size of the DIP Financing.  Accordingly, (a) the Board of Directors authorizes and approves (i) the execution, delivery, and performance of a debtor in possession credit agreement (the "Credit Agreement"), in the initial amount of up to $22 million, generally on the terms described to the Board of Directors (but with any such changes thereto as the Authorized Officer(s) executing the same shall approve), and any security agreements, guarantee agreements, other agreements, notes, consents, certificates, amendments, assignments, and instruments in connection therewith (the "Credit Documents," together with the Credit Agreement, the "Financing Documents"), (ii) the granting of a security interest in any assets of the Company as collateral or the guaranty of the obligations of the debtors under the Credit Agreement, and (iii) any transactions effected or to be effected pursuant to the terms and provisions of the Financing Documents; and (b) any Authorized Officer(s) be, and hereby is, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, and perform or cause the performance of the Financing Documents, as such Authorized Officer executing the same considers necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the Financing Documents and other financing arrangements necessary, appropriate, proper, or desirable in the interest of the Company in connection with the chapter 11 case, such determination to be conclusively evidenced by such execution or taking of such action.

### Sale of Assets and Indemnification

RESOLVED:   That each of the Authorized Officers shall be, and hereby are, authorized to
commence the process of marketing and selling the assets of the Company and its
subsidiaries outside of a chapter 11 filing and/or in a process approved by the
Bankruptcy Court after a chapter 11 filing.  Furthermore, each of the Authorized
Officers shall be, and hereby are, authorized to enter into an asset purchase
agreement to sell the assets of the Company and its subsidiaries (the "Sale"),
which Sale may be subject to potential higher or better offers in a chapter 11
proceeding.  Each of the Authorized Officers are authorized to adjust the terms of
the Sale as necessary, including with respect to price and the particular assets to
be sold.

RESOLVED:   That the Company would obtain benefits in connection with the chapter 11 case
from indemnifying writers and editors who are named as defendants in civil
actions, in connection with their work for the Company (each a "Company-
Related Action"), in which the Company or any of its subsidiaries are also named
("Employee Defendants").  Accordingly, the Board of Directors authorizes any
Authorized Officer to take any actions necessary, appropriate, proper, or desirable
in the interest of the Company in connection with the chapter 11 case, such
determination to be conclusively evidenced by such execution or taking of such
action, to indemnify any Employee Defendant up to the full amount of their costs
and expenses in connection with any Company-Related Action.

**General**

RESOLVED:   That each of the Authorized Officers be, and hereby is, with power of delegation,
authorized, empowered and directed to execute and file all petitions, schedules,
motions, lists, applications, pleadings, and other papers and, in connection
therewith, to employ and retain all assistance by legal counsel, accountants,
financial advisors, and other professionals and to take and perform any and all
further acts and deeds that each of the Authorized Officers deem necessary,
proper, or desirable in connection with the Company's chapter 11 case, with a
view to the successful prosecution of such case.

RESOLVED:   That the omission from these resolutions of any agreement, document or other
arrangement contemplated by any of the agreements, documents or instruments
described in the foregoing resolutions or any action to be taken in accordance
with any requirement of any of the agreements, documents or instruments
described in the foregoing resolutions shall in no manner derogate from the
authority of the Authorized Officers to take all actions necessary, desirable,
advisable or appropriate to consummate, effectuate, carry out or further the
transactions contemplated by, and the intent and purposes of, the foregoing
resolutions.

RESOLVED:   That all acts, actions, and transactions relating to the matters contemplated by the
foregoing Resolutions previously done, on or prior to the date hereof, in the name

and on behalf of the Company, in connection with the transactions contemplated by the foregoing resolutions, are in all respects ratified, approved, confirmed and adopted as acts and deeds by and on behalf of the Company.

RESOLVED:  That the Authorized Officers be, and hereby are, and each of them acting singly is, authorized and directed, on behalf of and in the name of the Company, to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, and other documents and to take such other actions as in the judgment of the Authorized Officer shall be or become necessary, appropriate, and desirable to prosecute to a successful completion the Chapter 11 Case and otherwise exercise the rights and powers of the Company as a member or manager (however denominated, or any officer of the Company so empowered) of the Company's subsidiary, Gawker Media, LLC, including any amendments as may be necessary or advisable to the Operating Agreement of Gawker Media, LLC.

RESOLVED:  That each of the Authorized Officers (and their designees and delegates) be and hereby is authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

RESOLVED:  That all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

Prior to or on the date hereof, each of the affiliated entities listed below (the "Debtors") has filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.  The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the number assigned to the chapter 11 case of Gawker Media, LLC.

| Company |
| --- |
| Gawker Media Group, Inc. |
| Gawker Media LLC |
| Kinja, Kft. |

United States Bankruptcy Court
Southern District of New York

Case No. 16-11700 (SMB) (Joint Administration requested)

*In re Gawker Media Group, Inc.*

Chapter _____ *11*

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder[1] | Number of Securities | Kind of Interest |
|---|---|---|
| Berman, Taylor | 426 | Common Stock |
| Bertolini, Lauren | 1,670 | Common Stock |
| Blakeley, Richard Erand | 750 | Common Stock |
| Bluestone, Gabrielle | 503 | Common Stock |
| Brown, Ryan | 1,160 | Common Stock |
| Carmichael, Emma | 1,060 | Common Stock |
| Carmon, Irin | 350 | Common Stock |
| Chan, Casey | 341 | Common Stock |
| Coen, Jessica | 540 | Common Stock |
| Cooke, Jim | 1,680 | Common Stock |
| Craggs, Tommy | 1,280 | Common Stock |
| Crecente, Brian | 19,830 | Common Stock |
| D'Addario, John | 5,540 | Common Stock |
| Darbyshire, Gaby | 715,680 | Common Stock |
| Daulerio, Albert | 900 | Common Stock |
| DelGiudice, James | 8,740 | Common Stock |
| Denton, Nick | 4,445,460 | Common Stock |
| Diaz, Jesus | 5,330 | Common Stock |
| Dietrick, Heather | 3,880 | Common Stock |
| Dimmitt, Elizabeth | 730 | Common Stock |
| Dimmitt, Genevieve | 510 | Common Stock |
| Duncan, John | 28,000 | Common Stock |
| Ebel, Eyal | 970 | Common Stock |
| Furman, Eliot, as custodian for Alexander Tiberius Furman under the NYUTMA | 1,000 | Common Stock |
| Futrelle, Genevieve | 250 | Common Stock |
| Giacoman, Gabriela | 80,220 | Common Stock |
| Gorenstein, Andrew | 11,260 | Common Stock |
| Greenmount Creek Limited 11 Oakhill Avenue London NW3 7RD | 2,340,000 | Common Stock |
| Hale-Stern, Kaila | 240 | Common Stock |
| Hamer, Matt | 90,000 | Common Stock |
| Hardigree, Matt | 740 | Common Stock |
| Holmes, Anna | 16,460 | Common Stock |
| Jefferson, Whitney | 1,250 | Common Stock |

---

[1] The place of business address for the listed equity holders is c/o Gawker Media Group, Inc., 114 Fifth Avenue, 2d Floor, New York, New York 10011, except where noted.

| Name and last known address or place of business of holder[1] | Number of Securities | Kind of Interest |
|---|---|---|
| Kang, Daniel | 80 | Common Stock |
| Kidder, Scott | 36,980 | Common Stock |
| Kozma, Jozsef | 560 | Common Stock |
| Lam, Brian | 28,000 | Common Stock |
| Layne, Ken | 80 | Common Stock |
| Lehnhoff, Jim | 1,160 | Common Stock |
| Leitch, Will | 15,080 | Common Stock |
| Lisanti, Mark | 5,280 | Common Stock |
| Lopez, Greg | 660 | Common Stock |
| Ma, Jesse | 5,880 | Common Stock |
| McGill, Erin | 1,000 | Common Stock |
| Nachlin, Jim | 3,480 | Common Stock |
| Newitz, Annalee | 740 | Common Stock |
| Nolan, Hamilton | 1,760 | Common Stock |
| O'Connor, Maureen | 1,740 | Common Stock |
| Winkelman (Ortega), Samantha | 100 | Common Stock |
| Pash, Adam | 580 | Common Stock |
| Petrány, Máté | 540 | Common Stock |
| Pettigrew, Erin | 30,340 | Common Stock |
| Plunkett, Tom | 68,780 | Common Stock |
| Read, Malcom | 1,840 | Common Stock |
| Robischon, Noah | 3,480 | Common Stock |
| Schreier, Jason | 190 | Common Stock |
| Schwartz, Diane | 1,660 | Common Stock |
| Schweizer, Julia | 290 | Common Stock |
| Scocca, Thomas | 200 | Common Stock |
| Sicha, Choire | 66,670 | Common Stock |
| Spinelli, Mike | 9,280 | Common Stock |
| Steele, Lockhart | 307,340 | Common Stock |
| Stein, Sadie | 350 | Common Stock |
| Takayama, Greg | 8,640 | Common Stock |
| Tate, Ryan | 6,190 | Common Stock |
| Thomas, Owen | 1,160 | Common Stock |
| Toder, Matthew | 150 | Common Stock |
| Trapani, Gina | 37,700 | Common Stock |
| Vuong, Phillip | 5,080 | Common Stock |
| Wert, Ray | 5,210 | Common Stock |
| Woerner, Meredith | 450 | Common Stock |
| Berman, Taylor | 3,835 | Series A Preferred Stock |
| Bertolini, Lauren | 15,030 | Series A Preferred Stock |
| Blakeley, Richard Erand | 6,750 | Series A Preferred Stock |
| Bluestone, Gabrielle | 4,528 | Series A Preferred Stock |
| Brown, Ryan | 10,440 | Series A Preferred Stock |
| Carmichael, Emma | 9,540 | Series A Preferred Stock |
| Carmon, Irin | 3,150 | Series A Preferred Stock |
| Chan, Casey | 3,068 | Series A Preferred Stock |
| Coen, Jessica | 4,860 | Series A Preferred Stock |

2

| Name and last known address or place of business of holder[1] | Number of Securities | Kind of Interest |
|---|---|---|
| Cooke, Jim | 15,120 | Series A Preferred Stock |
| Craggs, Tommy | 11,520 | Series A Preferred Stock |
| Crecente, Brian | 178,470 | Series A Preferred Stock |
| D'Addario, John | 49,860 | Series A Preferred Stock |
| Darbyshire, Gaby | 6,441,120 | Series A Preferred Stock |
| Daulerio, Albert | 8,100 | Series A Preferred Stock |
| DelGiudice, James | 78,660 | Series A Preferred Stock |
| Denton, Nick | 40,009,140 | Series A Preferred Stock |
| Diaz, Jesus | 47,970 | Series A Preferred Stock |
| Dietrick, Heather | 34,920 | Series A Preferred Stock |
| Dimmitt, Elizabeth | 6,570 | Series A Preferred Stock |
| Dimmitt, Genevieve | 4,590 | Series A Preferred Stock |
| Duncan, John | 252,000 | Series A Preferred Stock |
| Ebel, Eyal | 8,730 | Series A Preferred Stock |
| Furman, Eliot, as custodian for Alexander Tiberius Furman under the NYUTMA | 9,000 | Series A Preferred Stock |
| Futrelle, Genevieve | 2,250 | Series A Preferred Stock |
| Giacoman, Gabriela | 721,980 | Series A Preferred Stock |
| Gorenstein, Andrew | 101,340 | Series A Preferred Stock |
| Greenmount Creek Limited 11 Oakhill Avenue London NW3 7RD | 21,060,000 | Series A Preferred Stock |
| Hale-Stern, Kaila | 2,160 | Series A Preferred Stock |
| Hamer, Matt | 810,000 | Series A Preferred Stock |
| Hardigree, Matt | 6,660 | Series A Preferred Stock |
| Holmes, Anna | 148,140 | Series A Preferred Stock |
| Jefferson, Whitney | 11,250 | Series A Preferred Stock |
| Kang, Daniel | 720 | Series A Preferred Stock |
| Kidder, Scott | 332,820 | Series A Preferred Stock |
| Kozma, Jozsef | 5,040 | Series A Preferred Stock |
| Lam, Brian | 252,000 | Series A Preferred Stock |
| Layne, Ken | 720 | Series A Preferred Stock |
| Lehnhoff, Jim | 10,440 | Series A Preferred Stock |
| Leitch, Will | 135,720 | Series A Preferred Stock |
| Lisanti, Mark | 47,520 | Series A Preferred Stock |
| Lopez, Greg | 5,940 | Series A Preferred Stock |
| Ma, Jesse | 52,920 | Series A Preferred Stock |
| McGill, Erin | 9,000 | Series A Preferred Stock |
| Nachlin, Jim | 31,320 | Series A Preferred Stock |
| Newitz, Annalee | 6,660 | Series A Preferred Stock |
| Nolan, Hamilton | 15,840 | Series A Preferred Stock |
| O'Connor, Maureen | 15,660 | Series A Preferred Stock |
| Winkelman (Ortega), Samantha | 900 | Series A Preferred Stock |
| Pash, Adam | 5,220 | Series A Preferred Stock |
| Petrány, Máté | 4,860 | Series A Preferred Stock |
| Pettigrew, Erin | 273,060 | Series A Preferred Stock |
| Plunkett, Tom | 6,019,020 | Series A Preferred Stock |

3

| Name and last known address or place of business of holder[1] | Number of Securities | Kind of Interest |
|---|---|---|
| Read, Malcom | 16,560 | Series A Preferred Stock |
| Robischon, Noah | 31,320 | Series A Preferred Stock |
| Schreier, Jason | 1,710 | Series A Preferred Stock |
| Schwartz, Diane | 14,940 | Series A Preferred Stock |
| Schweizer, Julia | 2,610 | Series A Preferred Stock |
| Scocca, Thomas | 1,800 | Series A Preferred Stock |
| Sicha, Choire | 600,030 | Series A Preferred Stock |
| Spinelli, Mike | 83,520 | Series A Preferred Stock |
| Steele, Lockhart | 2,766,060 | Series A Preferred Stock |
| Stein, Sadie | 3,150 | Series A Preferred Stock |
| Takayama, Greg | 77,760 | Series A Preferred Stock |
| Tate, Ryan | 55,710 | Series A Preferred Stock |
| Thomas, Owen | 10,440 | Series A Preferred Stock |
| Toder, Matthew | 1,350 | Series A Preferred Stock |
| Trapani, Gina | 339,300 | Series A Preferred Stock |
| Vuong, Phillip | 45,720 | Series A Preferred Stock |
| Wert, Ray | 46,890 | Series A Preferred Stock |
| Woerner, Meredith | 4,050 | Series A Preferred Stock |
| US VC Partners LP 900 Third Avenue, 19th Fl. New York, NY 10022 | 17,942,583 | Series B Preferred Stock |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

The information contained in the foregoing List of Equity Security Holders was prepared by agents and employees of the debtor at my direction and reflects a good faith review by such agents and employees of available information. Based on discussions with certain of such agents and employees and the information that has been provided to me, I, William D. Holden, declare under penalty of perjury that the foregoing List of Equity Security Holders is true and correct to the best of my information and belief.

Date  06/12/16                                    Signature

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§ 152 and 3571.

4

| Fill in this information to identify the case and this filing: |
| --- |
| Debtor Name  Gawker Media Group, Inc. |
| United States Bankruptcy Court for the:  Southern _____ District of  NY ____<br>(State) |
| Case number (*If known*):  _____ |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ▮ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration  List of equity security holders _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  6/12/16        **X** _____
                  MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                  William D. Holden _____
                                  Printed name

                                  Chief Restructuring Officer _____
                                  Position or relationship to debtor

Official Form 202              Declaration Under Penalty of Perjury for Non-Individual Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
|  | : |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Gawker Media Group, Inc. | : | Case No. 16-_____ (___) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
-------------------------------------------------------x

## <u>RULE 7007.1 CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rule 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 7007.1-1 of the Local Bankruptcy Rules for the Southern District of New York, no corporation, other than a governmental unit, directly or indirectly owns 10% or more of any class of the Debtor's equity interests.

**Fill in this information to identify the case and this filing:**

Debtor Name  Gawker Media Group, Inc.

United States Bankruptcy Court for the:  Southern  District of  NY
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* _____

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒  Other document that requires a declaration  Corporate ownership statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  6/12/16
MM / DD / YYYY

X _____
Signature of individual signing on behalf of debtor

William D. Holden
Printed name

Chief Restructuring Officer
Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                       :
In re                                                  :        Chapter 11
                                                       :
Gawker Media LLC, *et al.*, [1]                        :        Case No. 16-11700 (SMB)
                                                       :
                              Debtors.                 :        (Joint Administration Requested)
                                                       :
-------------------------------------------------------x

## LIST OF CREDITORS HOLDING TOP 50 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. The following is the list of the Debtors' creditors holding the fifty (50) largest unsecured claims based on the Debtors' books and records on a consolidated basis as of approximately June 10, 2016 (the "Consolidated Creditor List"). This list is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. The Consolidated Creditor List does not include (1) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code; or (2) secured creditors. The information contained herein shall neither constitute an admission of liability by, nor bind, the Debtor. The information herein, including the failure of the Debtors to list any claim as contingent, liquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

**Fill in this information to identify the case:**

Debtor Name: Gawker Media Group, Inc.

United States Bankruptcy Court for the Southern District of New York

Case number (if known): _____

• ☐Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (On a consolidated basis with entities listed on Schedule 1 to the Debtor's Petition)    12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Terry Gene Bollea Harder Mirell & Abrams 132 S Rodeo Dr Ste 301 Beverly Hills, CA 90212 | Harder Mirell & Abrams Attn: Charles Harder PHONE: 424-203-1600 FAX: EMAIL: charder@HMAfirm.com | Litigation | Disputed | | | $130,000,000.00 |
| 2 | Morrison Cohen LLP Attn: General Counsel 909 Third Avenue 27th Floor New York, NY 10022 | Morrison Cohen LLP Attn: General Counsel PHONE: 212-735-8640 FAX: EMAIL: dcohen@morrisoncohen.com | Trade Debt | | | | $115,379.48 |
| 3 | Risk Strategies Company DeWitt Stern Group 420 Lexington Avenue Suite 2700 New York, NY 10170 | Risk Strategies Company DeWitt Stern Group PHONE: 617-330-5700 FAX: EMAIL: | Trade Debt | | | | $82,300.38 |
| 4 | SimpleReach, Inc. Attn: General Counsel 122 W. 27th St., 7th Floor New York, NY 10001 | SimpleReach, Inc. Attn: General Counsel PHONE: 646-398-7633 FAX: EMAIL: ops@simplereach.com | Trade Debt | | | | $82,215.06 |

Debtor__Gawker Media Group, Inc._____    Case number 16-11700 (SMB)

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|
| 5 | Google Inc. (DoubleClick) Attn: General Counsel 1600 Amphitheatre Parkway Mountain View, CA 94043 | Google Inc. (DoubleClick) Attn: General Counsel PHONE: 800-786-6139 FAX: 212-287-1203 EMAIL: collections-us@google.com | Trade Debt | | $67,603.25 |
| 6 | Cloudinary Ltd.Attn: General Counsel111 W. Evelyn Ave. Suite 206 Sunnyvale, CA 94086 | Cloudinary Ltd.Attn: General Counsel PHONE: FAX: EMAIL: billing@cloudinary.com | Trade Debt | | $54,022.68 |
| 7 | Krux Digital Attn: General Counsel 660 4th St #269 San Francisco, CA 94107 | Krux Digital Attn: General Counsel PHONE: 888-415-5789 FAX: EMAIL: billing@krux.com | Trade Debt | | $51,143.32 |
| 8 | Fastly Attn: General Counsel 475 Brannan St Ste 320 San Francisco, CA 94107 | Fastly Attn: General Counsel PHONE: FAX: marketing@fastly.com EMAIL: billing@fastly.com | Trade Debt | | $42,051.23 |
| 9 | Fried, Frank, Harris, Shriver & Jacobson LLP Attn: General Counsel One New York Plaza New York, NY 10004-1980 | Fried, Frank, Harris, Shriver & Jacobson LLP Attn: General Counsel PHONE: 212-859-8000 FAX: 212-859-4000 EMAIL: annemarie.crouch@friedfrank.com | Trade Debt | | $39,578.48 |
| 10 | Medialink Attn: General Counsel 1901 Avenue of the Stars Suite 1775 Los Angeles, CA 90067 | Medialink Attn: General Counsel PHONE: (310) 424-4444 FAX: EMAIL: accounting@medialink.com | Trade Debt | | $37,800.00 |
| 11 | DataGram Attn: General Counsel 500 West Madison Street Suite 801 Chicago, IL 60661 | DataGram Attn: General Counsel PHONE: (312) 447-2580 FAX: EMAIL: billing@datagram.com | Trade Debt | | $30,006.96 |
| 12 | Getty Images Attn: General Counsel 605 5th Avenue South Suite 400 Seattle, WA 98104 | Getty Images Attn: General Counsel PHONE: 206-925-5000 FAX: 206-925-5623 EMAIL: sales@gettyimages.com | Trade Debt | | $29,680.00 |

Debtor__Gawker Media Group, Inc._____    Case number 16-11700 (SMB)

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|
| 13 | The Hartford Attn: General Counsel One Hartford Plaza Hartford, CT 6155 | The Hartford Attn: General Counsel PHONE: 866-467-8730 FAX: EMAIL: | Trade Debt | | $27,470.60 |
| 14 | JW Player (Longtail Ad Solutions, Inc.) Longtail Ad Solutions, Inc. 8 West 38th Street Floor 6 New York , NY 10018 | JW Player (Longtail Ad Solutions, Inc.) Longtail Ad Solutions, Inc. PHONE: 212-244-0140 FAX: EMAIL: payments@jwplayer.com | Trade Debt | | $22,900.00 |
| 15 | Specless Attn: General Counsel 116 W. Illinois St Suite 6E-M Chicago, IL 60610 | Specless Attn: General Counsel PHONE: 312-212-8491 FAX: EMAIL: steve@gospecless.com | Trade Debt | | $22,500.00 |
| 16 | Moat Inc. Attn: General Counsel 222 S Albany Street#2 Ithaca, NY 14850 | Moat Inc.Attn: General Counsel PHONE: 917-848-1190 FAX: EMAIL: jonah@moat.com | Trade Debt | | $20,443.76 |
| 17 | Google, Inc. (Analytics) Attn: General Counsel 1600 Amphitheatre Parkway Mountain View, CA 94043 | Google, Inc. (Analytics) Attn: General Counsel PHONE: 800-786-6139 FAX: EMAIL: collections-us@google.com | Trade Debt | | $17,500.00 |
| 18 | Brandtale 588 Broadway Ste 503 New York, NY 10012 | Brandtale PHONE: 917-640-4978 FAX: EMAIL: ben@brandtale.com | Trade Debt | | $16,331.25 |
| 19 | STAQ, INC. Attn: General Counsel 44 West 28th Street 14th Floor New York, NY 10001 | STAQ, INC. Attn: General Counsel PHONE: FAX: EMAIL: ar@staq.com | Trade Debt | | $15,750.00 |
| 20 | Shenker & Bonaparte, LLP Attn: General Counsel 1500 SW 1st Ave #765 Portland, OR 97201 | Shenker & Bonaparte, LLP Attn: General Counsel PHONE: 503-294-1118 FAX: EMAIL: brooke@bb-law.net | Trade Debt | | $13,566.84 |

Debtor__Gawker Media Group, Inc._____    Case number 16-11700 (SMB)

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | | | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|---|---|
| 21 | Equinox Fitness Clubs - Corp Accts Corporate Accounts Office 895 Broadway New York, NY 10003 | Equinox Fitness Clubs - Corp Accts Corporate Accounts Office PHONE: 646-572-4676 FAX: 212-774-6363 EMAIL: corpbilling@equinox.com | Trade Debt | | | | $13,137.00 |
| 22 | AOL Advertising Attn: General Counsel 770 Broadway New York, NY 10003 | AOL Advertising Attn: General Counsel PHONE: 877-265-0823 FAX: EMAIL: rebecca.mcdaniel@teamaol.com | Trade Debt | | | | $12,844.48 |
| 23 | Operative Media, Inc Attn: General Counsel 6 East 32nd Street, 3rd Floor New York, NY 10016 | Operative Media, Inc Attn: General Counsel PHONE: FAX: EMAIL: AR@operative.com | Trade Debt | | | | $11,820.00 |
| 24 | Akerman LLP Attn: General Counsel 98 Southeast Seventh Street Three Brickell City Centre, Suite 1100 Miami, FL 33131 | Akerman LLP Attn: General Counsel PHONE: 407-423-4000 FAX: 608-257-2029 EMAIL: charles.brumback@akerman.com | Trade Debt | | | | $11,185.00 |
| 25 | Sizmek Technologies Inc. Attn: General Counsel 220 5th Avenue New York, NY 10001 | Sizmek Technologies Inc. Attn: General Counsel PHONE: 646-437-3748 FAX: EMAIL: Barbara.Blyden@sizmek.com | Trade Debt | | | | $11,019.77 |
| 26 | Metropolitan Cleaning, LLC Attn: General Counsel 142 West 57th Street New York, NY 10019 | Metropolitan Cleaning, LLCAttn: General Counsel PHONE: (646) 341-9830 FAX: (212) 956-6250 EMAIL: jessica.fluke@metbldg.com | Trade Debt | | | | $10,173.59 |
| 27 | Marlena Agency Inc. Attn: General Counsel 322 Ewing St. Princeton, NJ 8540 | Marlena Agency Inc. Attn: General Counsel PHONE: (609) 252-9405 FAX: (609) 252-1949 EMAIL: marlena@marlenaagency.com | Trade Debt | | | | $10,000.00 |
| 28 | Submersive Media Attn: General Counsel 580 Broadway Suite 905 New York, NY 10012 | Submersive Media Attn: General Counsel PHONE: (212) 630-7170 FAX: EMAIL: info@submersivemedia.com | Trade Debt | | | | $8,100.00 |

Debtor__Gawker Media Group, Inc._____    Case number 16-11700 (SMB)

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | | | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|---|---|
| 29 | Ad-Juster, Inc. (media) Attn: Michael Lewis 13280 Evening Creek Dr. S Suite 100 San Diego, CA 92128 | Ad-Juster, Inc. (media) Attn: Michael Lewis PHONE: (858) 442-6216 FAX: EMAIL: accountservices@ad-juster.com | Trade Debt | | | | $7,200.00 |
| 30 | NSONE Inc. Attn: General Counsel 16 Beaver Street 3rd Floor New York, NY 10004 | NSONE Inc. Attn: General Counsel PHONE: (855) 438-6766 FAX: EMAIL: support@ns1.com | Trade Debt | | | | $7,200.00 |
| 31 | CDW Direct Attn: General Counsel 200 N. Milwaukee Ave Vernon Hills, IL 60061 | CDW DirectAttn: General Counsel PHONE: (312) 630-6000 FAX: EMAIL: drewmcm@cdw.com | Trade Debt | | | | $6,332.17 |
| 32 | Jelle Claeys Automotive Artwork Attn: General Counsel 48 Corte De Rosas Fremont, CA 94555 | Jelle Claeys Automotive Artwork Attn: General Counsel PHONE: FAX: EMAIL: info@jelleclaeys.be | Trade Debt | | | | $5,000.00 |
| 33 | REDBOOKS Attn: General Counsel 330 Seventh Avenue, Floor 10 New York, NY 10001 | REDBOOKS Attn: General Counsel PHONE: (800) 908-5395 FAX: EMAIL: michael.emerson@redbooks.com | Trade Debt | | | | $4,349.56 |
| 34 | Joshua M Lees Attn: General Counsel 957 Kent Ave Brooklyn, NY 11205 | Joshua M Lees Attn: General Counsel PHONE: 802-777- 4423 FAX: EMAIL: | Trade Debt | | | | $1,160.00 |
| 35 | Market Halsey Urban Renewal, LLC Attn: General Counsel 112 West 34th Street Ste. 2106 New York, NY 10120 | Market Halsey Urban Renewal, LLC Attn: General Counsel PHONE: 212-265- 5570 FAX: EMAIL: hrozell@jjop.com | Trade Debt | | | | $3,692.08 |
| 36 | Associated Press Attn: General Counsel 450 W. 33rd St New York, NY 10001 | Associated Press Attn: General Counsel PHONE: (212) 621-1808 FAX: EMAIL: apdsalesoperations@ap.org | Trade Debt | | | | $3,640.00 |

Debtor__Gawker Media Group, Inc._____     Case number 16-11700 (SMB)

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|
| 37 | ShoreTel Inc. Attn: General Counsel 4921 Solution Center Chicago, IL 60677-4009 | ShoreTel Inc. Attn: General Counsel PHONE: (877) 884-3865 FAX: (408) 331-3333 EMAIL: skysupport@shoretel.com | Trade Debt | | $3,089.58 |
| 38 | L-Cut Digital Media, Inc. Attn: General Counsel 150 S. 1 St. Apt 2D Brooklyn, NY 11211 | L-Cut Digital Media, Inc. Attn: General Counsel PHONE: (646) 256-2190 FAX: EMAIL: lcutdigital@gmail.com | Trade Debt | | $3,000.00 |
| 39 | Merrill Communications, LLC Attn: General Counsel One Merrill Circle Saint Paul, MN 55108 | Merrill Communications, LLC Attn: General Counsel PHONE: (212) 229-6656 FAX: EMAIL: Billing@merrillcorp.com | Trade Debt | Contingent | $2,981.10 |
| 40 | Submarine Leisure Club, Inc. (Wirecutter) Attn: General Counsel 2424 Pine Street San Francisco, CA 94115 | Submarine Leisure Club, Inc. (Wirecutter) Attn: General Counsel PHONE: FAX: EMAIL: notes@thewirecutter.com | Trade Debt | | $2,876.68 |
| 41 | Corey Foster Attn: General Counsel 1019 Larkwoord Rd Kingston Springs , TN 37082 | Corey Foster Attn: General Counsel PHONE: 615-519- 3389 FAX: EMAIL: corey@gawker.com | Trade Debt | | $2,650.00 |
| 42 | ADP Workforce Now ADP, LLC 1 ADP Boulevard Roseland, NJ 07068 | ADP Workforce Now ADP, LLC PHONE: 800-840-3505 FAX: EMAIL: | Trade Debt | | $2,629.61 |
| 43 | Optimizely, Inc. Attn: General Counsel 631 Howard Street, Suite 100 San Francisco, CA 94105 | Optimizely, Inc. Attn: General Counsel PHONE: FAX: (650) 745-0728 EMAIL: sales@optimizely.com | Trade Debt | | $2,613.00 |
| 44 | Atlantic Metro Communications Atlantic Metro Invoice 4 Century Drive, Suite 102 Parsippany, NJ 7054 | Atlantic Metro Communications Atlantic Metro Invoice PHONE: (212) 792-9950 ex. 3 FAX: EMAIL: billing@atlanticmetro.net | Trade Debt | | $2,407.00 |

Debtor___Gawker Media Group, Inc._____    Case number 16-11700 (SMB)

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|
| 45 | Cogent Communications Attn: General Counsel 2450 N Street NW Washington, DC 20037 | Cogent Communications Attn: General Counsel PHONE: 877-726-4368 FAX: EMAIL: billing@cogentco.com | Trade Debt | | $2,000.00 |
| 46 | Pacific Coast News c/o Bwp Media USA, Inc 22287 Mulholland Hwy Calabasas, CA 91302 | Pacific Coast News c/o Bwp Media USA, Inc PHONE: (310) 822-0419 FAX: (310) 822-2659 EMAIL: plubbock@photoshot.com | Trade Debt | | $2,000.00 |
| 47 | Creative Circle, LLC. Attn: General Counsel 28027 Network Place Chicago, IL 60673-1280 | Creative Circle, LLC. Attn: General Counsel PHONE: (323) 930-3112 FAX: EMAIL: CollectionsNY@creativecircle.com | Trade Debt | | $1,925.00 |
| 48 | C&G Group Kft. Attn: General Counsel Vörösmarty utca 38 1064 Budapest, Hungary | C&G Group Kft. Attn: General Counsel PHONE: FAX: EMAIL: | Trade Debt | | $1,794.97 |
| 49 | The Oliver Group Attn: General Counsel 595 Greenhaven Rd Pawcatuck, CT 06379 | The Oliver Group Attn: General Counsel PHONE: (860) 599-9760 FAX: (860) 599-9768 EMAIL: cnilsen@the-olivergroup.com | Trade Debt | | $1,757.80 |
| 50 | Concur Technologies, Inc. 62157 Collections Center Drive Chicago, IL 60693 | Concur Technologies, Inc. PHONE: (425) 590-5000 FAX: EMAIL: ARCustomerSupport@concur.com | Trade Debt | | $1,512.66 |

| Fill in this information to identify the case and this filing: |
| --- |

Debtor Name  Gawker Media Group, Inc.

United States Bankruptcy Court for the:  Southern         District of  NY
                                                    (State)

Case number (*if known*):  _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* _____

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑  Other document that requires a declaration  List of creditors holding 50 largest unsecured claims

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/12/16
             MM / DD / YYYY

Signature of individual signing on behalf of debtor

William D. Holden
Printed name

Chief Restructuring Officer
Position or relationship to debtor